AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>A Green Apple iPhone 11 belonging to Abraham Sotelo-Padilla | Case No. 23-1757MB |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

### As further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

### As set forth in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before ___5\8\2023___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona.</u>

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 4\24\2023 at 11:59 am _____
                                                     *Judge's signature*

City and state: <u>Yuma, Arizona</u>                 Honorable James F. Metcalf, U.S. Magistrate Judge
                                                     *Printed name and title*

# ATTACHMENT A

*Property to be searched*

The property to be searched is a green Apple iPhone 11 (IMEI: 352845116204548) belonging to Abraham Sotelo-Padilla. The cellular telephone is currently located at the HSI office located at the San Luis, Arizona Port of Entry.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

*Property to be seized*

1.      Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE that relate to violations of 21 U.S.C. §§ 841, and 846, including:

   a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

   b.  all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

   c.  all bank records, checks, credit card bills, account information, or other financial records;

   d.  all information regarding the receipt, transfer, possession, transportation, or use of drug or;

   e.  any information recording schedule or travel;

   f.  evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

   g.  contextual information necessary to understand the evidence described in this attachment.

2.      Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONE showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

2

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

RECEIVED
COPY

APR 2 4 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY NM                    DEPUTY

In the Matter of the Search of
A Green Apple iPhone 11 belonging to Abraham Sotelo-
Padilla

Case No.  23-1757 MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 843 (b) | Use of a Communication Facility to Commit a Federal Drug Felony |
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 952 and 960 | Importation of a Controlled Substance |

The application is based on these facts:

### See attached Affidavit of Special Agent Antonio Tafoya

☒ Continued on the attached sheet.
☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested
    under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Ryan McCarthy

RYAN
MCCARTHY
Digitally signed by RYAN
MCCARTHY
Date: 2023.04.24
11:20:53 -07'00'

Sworn to telephonically and signed electronically.

Date: _4/24/2023_

City and state: Yuma, Arizona

ANTONIO TAFOYA   Digitally signed by ANTONIO TAFOYA
Date: 2023.04.24 11:15:42 -07'00'

*Applicant's Signature*

Antonio Tafoya, Homeland Security Investigations
*Printed name and title*

*Judge's signature*

Honorable James F. Metcalf, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a green Apple iPhone 11 (IMEI: 352845116204548) belonging to Abraham Sotelo-Padilla. The cellular telephone is currently located at the HSI office located at the San Luis, Arizona Port of Entry.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

*Property to be seized*

1.     Any records and information found within the digital contents of the
SUBJECT CELLULAR TELEPHONE that relate to violations of 21 U.S.C. §§ 841, and
846, including:

   a.  all information related to the sale, purchase, receipt, shipping, importation,
       transportation, transfer, possession, or use of drugs;

   b.  all information related to buyers or sources of drugs (including names,
       addresses, telephone numbers, locations, or any other identifying
       information);

   c.  all bank records, checks, credit card bills, account information, or other
       financial records;

   d.  all information regarding the receipt, transfer, possession, transportation, or
       use of drug or;

   e.  any information recording schedule or travel;

   f.  evidence indicating the cellular telephone user's state of mind as it relates to
       the crime under investigation;

   g.  contextual information necessary to understand the evidence described in this
       attachment.

2.     Any records and information found within the digital contents of the
SUBJECT CELLULAR TELEPHONE showing who used or owned the device at the time
the things described in this warrant were created, edited, or deleted, such as logs,
phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone
calls; names, telephone numbers, usernames, or other identifiers saved in address books,

2

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Antonio Tafoya, being first duly sworn, hereby deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephone further described in Attachment A (hereafter SUBJECT CELLULAR TELEPHONE), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2.     Your Affiant is a Special Agent with Homeland Security Investigations (HSI) and has been employed as a Special Agent with HSI since April 2017. His responsibilities include the investigation of violations of federal laws, including drug offenses.  Prior to becoming a Special Agent for HSI Yuma, your Affiant was an Agent with the United States Border Patrol for eleven years, and while employed with the Border Patrol your affiant was assigned as a Task Force Agent with the Drug Enforcement Administration for three years.  During this time, your Affiant was assigned to detect, investigate, and enforce laws pertaining to the smuggling of illegal drugs into the United States.  Your Affiant has attended and completed the Criminal Investigator Training Program and Homeland Security Investigations Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia.

3.     As a member of the HSI Yuma Border Enforcement Security Taskforce (BEST), your Affiant is responsible for investigating crimes that involve the unlawful importation of controlled substances, including methamphetamine, cocaine, heroin, fentanyl, and the unlawful exportation of proceeds derived from the sale of controlled substances. HSI Yuma BEST conducts violations of Title 21 investigations and specializes

in the detection, penetration, and dismantlement of Mexican Drug Trafficking Organizations (DTOs), often in coordination with the Drug Enforcement Administration (DEA), United States Border Patrol (USBP), Customs and Border Protection (CBP), and state/local law enforcement personnel designated as Task Force Officers (TFOs). These investigations have culminated into the issuance of search warrants, arrests, and convictions.

4.      By virtue of my employment as a Special Agent, your Affiant has performed various tasks, which include, but are not limited to:

   a. Functioning as a surveillance agent, thus observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs;

   b. Interviewing confidential informants (CI) relative to the illegal trafficking of drugs and the distribution of monies and assets derived from the illegal trafficking of drugs (laundering of monetary instruments);

   c. Functioning as a case agent, entailing the supervision of specific investigation involving the trafficking of drugs and the laundering of monetary instruments.

5.      In the course of conducting drug investigations, your Affiant has consulted with other experienced investigators concerning the practices of drug traffickers and the best methods of investigating them.  In preparing this Affidavit, your Affiant has conferred with other Special Agents and other law enforcement officers, who share the opinions and conclusions stated herein.  Furthermore, your Affiant has personal knowledge of the following facts or has learned them from the individual(s) mentioned herein.

6.      The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either

directly or indirectly through their reports or affidavits; and surveillance conducted by law enforcement officers.

7.     Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

## **PROBABLE CAUSE**

8.     On April 14, 2023, at approximately 1:10 p.m., Abraham SOTELO-Padilla ("SOTELO") applied for entry into the United States via vehicle lane # 2 through the San Luis, Arizona Port of Entry (POE). SOTELO was the driver and sole occupant of a 2015 silver Dodge Challenger bearing Arizona license plate 66A1FK. SOTELO presented his Arizona driver's license as his entry document to Customs and Border Protection Officer (CBPO) S. Puentes. SOTELO claimed United States citizenship. CBPO Puentes questioned SOTELO as to the purpose of his trip. SOTELO stated he was traveling to Yuma to go to work at a cooler. CBPO Puentes obtained a negative customs declaration from SOTELO and referred him to the secondary inspection area.

9.     The Dodge Challenger was taken through the vehicle Z-portal (X-ray) machine. CBPO A. Carbajal was assigned as the Z-portal operator and conducted an image analysis of the Dodge Challenger. CBPO Carbajal observed several anomalies in the quarter panels of the vehicle and notified CBPO A. Coronado of his findings. Canine Enforcement Officer (CEO) C. Torres utilizing his canine partner Pajo conducted an exterior sniff of the Dodge Challenger in the secondary inspection area. After the sniff of the vehicle, CEO Torres notified CBPO Carbajal that the canine Pajo alerted to the rear passenger side door seam.

10.    In the secondary inspection area CBPO Coronado approached SOTELO and obtained a second negative customs declaration. CBPO Coronado questioned SOTELO about the ownership of the vehicle, his itinerary and the location of his residence. SOTELO

claimed to be the owner of the Dodge Challenger and confirmed the vehicle is registered in his name. SOTELO stated he was traveling to Yuma, Arizona to work at Man Packing. SOTELO stated he resides in San Luis Rio Colorado, Sonora, Mexico. SOTELO stepped out of his vehicle and was apprehended due to the canine alert and anomalies discovered in the x-ray scan.

11.     A search of the vehicle revealed 16 packages in a square shape. Eight (8) packages were discovered in both the driver and passenger side quarter panels. To remove the packages from the vehicle, access to the interior of the vehicle was required. The plastic paneling in the backseat area had to be removed to take possession of the packages from both sides. A random package was probed and produced a white powdery substance. CBPO Coronado utilizing the Gemini field tested the substance. The Gemini gave a positive result for the characteristics of cocaine. The total weight of the cocaine was 19.72 kilograms.

12.     Investigators seized SUBJECT CELLULAR TELEPHONE from SOTELO.

13.     Based on your Affiant's training and experience, and understanding of this investigation, your Affiant believes that individuals who obtain and transport illicit drugs, like those suspected drugs mentioned above, will often use cellular telephones, like the SUBJECT CELLULAR TELEPHONE, to contact sources of supplies, other couriers, or stash house operators, and that their telephones will often contain evidence of such illicit contact set forth in Attachment B. Additionally, your Affiant is aware these same individuals often utilize multiple cellphones to conduct drug related business. Thus, your Affiant believes there is probable cause the SUBJECT CELLULAR TELEPHONE will contain evidence of drug trafficking.

14.     The SUBJECT CELLULAR TELEPHONE IS currently in storage at the HSI Office located at the San Luis, Arizona Port of Entry.

4

**ITEMS TO BE SEIZED**

15.　　Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the item listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONE.

16.　　Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

　　　　a.　　Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities.  Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONE.

17.　　In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT CELLULAR TELEPHONE.

**DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE**

18.　　As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT CELLULAR TELEPHONE.  Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

19.　　*Probable cause.*  Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONE for at least the following reasons:

5

a.      Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime.   The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense.  The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

b.      Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c.      Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a cellular

telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

        d.    Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

       20.   *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONE because:

        a.    Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

        b.    As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while

executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

        c.    A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

d.      The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process.  While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.      Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.  For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

21.      *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONE, including the use of computer-assisted scans.

22.      *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

///

///

9

## CONCLUSION

23.     Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), are likely to be found in the contents of the SUBJECT CELLULAR TELEPHONE further described in Attachment A.

ANTONIO TAFOYA

Digitally signed by ANTONIO TAFOYA
Date: 2023.04.24 11:16:51 -07'00'

Special Agent Antonio Tafoya
Homeland Security Investigations

Subscribed to electronically and sworn to telephonically this ___24th___ day of April 2023.

HONORABLE JAMES F. METCALF
United States Magistrate Judge